**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **I.C. DEPOSITS DEVELOPMENT, INC.** *Plaintiff* | § § § | |
| ***v.*** | § § | **CIVIL ACTION NO. 5:26-CV-03178** |
| **EDWARD F. VALDESPINO,** *Defendant* | § § § § | |

**MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

TO THE HONORABLE COURT:

Defendant Edward F. Valdespino files this Motion to Stay Proceedings and Compel Arbitration and respectfully shows as follows:[1]

**Introduction**

Plaintiff's claims are exclusively and expressly based upon a Combined Escrow Agreement and Deed of Agreement (the "Agreement") between Plaintiff and Valdespino. *See* ECF No. 1-2.[2] The very first provision of the Agreement states: "This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. . . . Disputes shall be resolved through binding arbitration under the rules of the American Arbitration Association (AAA)[.]" ECF No. 1-2 at 40 § 1.

---

[1] This motion is properly filed before the filing of a responsive pleading. *See Adams v. ACSO of Tex., Inc.*, No. SA-11-CA-0187-XR, 2011 WL 2421088, at *4 (W.D. Tex. June 13, 2011) (Rodriguez, J.). To the extent an answer or other responsive pleading should become necessary, Defendant reserves all rights and defenses with respect to the same.

[2] A copy of the Agreement is also attached as Exhibit A.

Federal courts sitting in diversity apply the Texas General Arbitration Act (TAA) when, like here, the parties have chosen state arbitration rules through a choice-of-law provision. *ASW Allstate Painting & Constr. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 310 (5th Cir. 1999) (citing *Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989)). Under the TAA, when litigants are parties to an arbitration agreement, as they are here, the court must compel their dispute to arbitration and abate its own proceedings. TEX. CIV. PRAC. & REM. CODE § 171.021(a), (c); *see also* 9 U.S.C. § 3 (requiring the district court to, upon application, refer arbitrable claims to arbitration and stay its own proceedings).

With regard to enforcement of an agreement to arbitrate (arbitrability), the Supreme Court of Texas has aligned "with the vast majority of courts," including the Fifth Circuit, in holding "an agreement to arbitrate in accordance with the AAA or similar rules constitutes a clear and unmistakable agreement that the arbitrator"—*not the court*—"must decide whether the parties' dispute must be resolved through arbitration." *Total Energies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 708 (Tex. 2023); *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012) (holding express incorporation of the AAA rules is clear and unmistakable evidence that the parties agreed to arbitrate arbitrability).

Therefore, because the parties agreed to arbitrate their disputes, the Court must abate this proceeding and compel Plaintiff's claims to the arbitrator, including any questions to determine arbitrability.

**Argument and Authorities**

Both federal and Texas law "strongly favor arbitration." *Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 612 (5th Cir. 2016); *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008). Accordingly, courts resolve any doubts in favor of arbitration. *Hays*, 838 F.3d at 612; *G.T. Leach Builders, LLC v. Sapphire VP, LP*, 458 S.W.3d 502, 521 (Tex. 2015).

The only question this Court must answer is whether the parties have a valid agreement to arbitrate. *See Total Energies*, 667 S.W.3d at 708; *Petrofac*, 687 F.3d at 675. The answer to that question is *yes.*

Plaintiff concedes it signed the Agreement. ECF No. 1-2 at 4 ¶ 7, 5 ¶ 14. The Agreement itself reflects that as well:



**INVESTOR:**
I.C. Deposits Development, Inc.

By: ______________________
Name: Israël Chekroun
Title: President

Date: 21/09/2025

ECF No. 1-2 at 46.

Plaintiff also concedes the Agreement contains an arbitration provision "requiring arbitration in San Antonio under AAA rules." ECF No. 1-2 at 5 ¶ 15. That provision provides in full:

> **1. GOVERNING LAW AND ARBITRATION**
> This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. Venue for any disputes shall be San Antonio, Texas. Disputes shall be resolved through binding arbitration under the rules of the American Arbitration Association (AAA), with arbitration costs shared equally and each party bearing its own legal fees unless otherwise specified.

ECF No. 1-2 at 40 ¶ 1. Further, because the arbitration agreement contains a "delegation clause," any disputes about the enforceability of the arbitration agreement and any defenses to arbitration are reserved for the arbitrator. *Total Energies*, 667 S.W.3d at 708; *Petrofac, Inc.*, 687 F.3d at 675.

Plaintiff argues the arbitration agreement is "unenforceable because it was procured by fraud[.]" ECF No. 1-2 at 5 ¶ 16. But it is well settled that whether an agreement containing an arbitration provision is unenforceable due to alleged fraud is a question reserved for the arbitrator—not the court. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) ("[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."); *In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 208–10 (Tex. 2007) (per curiam) (holding defenses of unclean hands and fraudulent inducement concerning college enrollment agreements containing arbitration clauses must be arbitrated); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001) (holding defenses of unconscionability, duress, fraudulent inducement, and revocation related to a mobile home purchase agreement containing an arbitration clause are questions arbitrability for the arbitrator, not questions of existence for the trial court).

That's because "an arbitration agreement contained within a contract survives the termination or repudiation of the contract as a whole." *Henry v. Gonzalez*, 18 S.W.3d 684, 690 (Tex. App.—San Antonio 2000, pet. dism'd). Stated differently, "a party to a contract

containing a written arbitration provision [must] carry out his 'arbitration agreement' even though a court might, after a fair trial, hold the entire contract—including the arbitration agreement—void because of fraud in the inducement." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 407 (1967) (Black, J., dissenting).

Accordingly, because there is an agreement to arbitrate and that agreement contains a clause delegating arbitrability to the arbitrator, the court must compel this matter (including Plaintiff's challenges to the arbitration agreement) to arbitration and stay these proceedings. *In re Gulf Expl., LLC*, 289 S.W.3d 836, 841 (Tex. 2009) (holding that under the TAA, "an order compelling arbitration *must* include a stay of the underlying litigation") (cleaned up).[3]

**Conclusion and Prayer**

There is no dispute that Plaintiff and Valdespino are parties to an arbitration agreement. Any dispute regarding the validity of that agreement is reserved to the arbitrator. Any question regarding whether Plaintiff's claims are within the scope of the arbitration agreement is also reserved to the arbitrator. Therefore, this Court *must* refer Plaintiff's claims to AAA for arbitration.

For these reasons, Valdespino respectfully requests that the Court grant this motion, refer Plaintiff's claims to AAA, abate these proceedings pending arbitration, and grant Valdespino all further relief to which he may be entitled at law or in equity.

[3] The Court also has discretion to dismiss this case because all issues in the litigation must be resolved in arbitration. *See Lifecell Corp. v. Carver*, No. SA-14-CV-152-XR, 2014 WL 12586857, at *1 (W.D. Tex. July 11, 2014) (Rodriguez, J.) ("The Fifth Circuit is clear that when all issues are properly referable to arbitration, the case may be either dismissed or stayed."); *Lauzon v. Pulte Homes, Inc.*, No. SA-12-CV-177-XR, 2012 WL 4434761, at *5 (W.D. Tex. Sept. 24, 2012) (Rodriguez, J.) ("The Fifth Circuit encourages district courts to dismiss cases in instances where staying the action serves no purpose.") (cleaned up).

Dated: May 15, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Caroline Newman Small*
Jason M. Davis
State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel.: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendant***
***Edward F. Valdespino***

## Certificate of Service

I certify that a true and correct copy of the foregoing document was served upon the interested parties listed below in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system.

| | | |
|---|---|---|
| Kelli Cubeta | ______ | U.S. Mail |
| E-mail: *Kelli.Cubeta@cubetalaw.com* | ______ | CMRRR |
| CUBETA LAW GROUP, PLLC | ______ | Facsimile |
| 322 Martinez St. | ______ | E-mail |
| San Antonio, Texas 78205 | __X__ | E-file |

***Attorney for Plaintiff***

*/s/ Caroline Newman Small*
Caroline Newman Small