**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **I.C. DEPOSITS DEVELOPMENT, INC.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:26-cv-03178-FB** |
| | § | |
| | § | |
| **EDWARD F. VALDESPINO,** | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S MOTION TO REMAND AND, IN THE ALTERNATIVE,**
**MOTION TO ENFORCE EXISTING TEMPORARY INJUNCTION**

TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:

Plaintiff, I.C. DEPOSITS DEVELOPMENT, INC., files this Motion to Remand and, in the alternative, Motion to Enforce Existing Temporary Injunction against Defendant Valdespino, and would show the Court as follows:

## I. INTRODUCTION

This case should be remanded to Texas state court because Defendant Edward F. Valdespino ("**Defendant**") improperly removed this action in direct violation of the forum defendant rule after extensively litigating the case in state court, filing an answer, entering a Rule 11 agreement, participating in multiple injunction proceedings, seeking and receiving relief from the court, and suffering an adverse temporary injunction ruling requiring Defendant to deposit $5,000,000.00 into the Bexar County court registry.

The procedural posture of this case reveals precisely the type of tactical forum shopping that federal courts routinely condemn. Defendant – whom is currently and has been a licensed attorney for over 20 years – actively invoked the jurisdiction of the Texas state court for *weeks*,

litigated the merits of Plaintiff's request for emergency equitable relief, and only after the state court ordered Defendant to deposit the disputed escrow funds into the registry of the court did Defendant suddenly remove the case to federal court while simultaneously claiming he had not been "served."

Even if this Court declines immediate remand, the existing temporary injunction, **which Defendant Valdespino has blatantly violated**, remains fully enforceable pursuant to 28 U.S.C. § 1450 and should be immediately enforced to prevent dissipation of the disputed escrow funds, and Defendant Valdespino should be held in contempt for his failure to comply with a court order.

## II. FACTUAL BACKGROUND

Defendant, a licensed Texas attorney and purported escrow agent, represented to Plaintiff in September 2025 that he would hold Plaintiff's funds in escrow pending completion of an investment transaction, and return Plaintiff's $5,000,000.00 in the event the transaction was not consummated. The transaction was not consummated, but Defendant subsequently refused to return the funds despite acknowledging in writing that he possessed the $5,000,000.00 and expressly stating in writing that he would return the funds.

Plaintiff spent weeks communicating with Defendant, whereby Defendant consistently promised in writing that Defendant would return the funds, but consistently fabricated excuse after excuse as to why he was unable to return Plaintiff's funds to Plaintiff as Defendant had promised countless times.

On April 9, 2026, Plaintiff filed suit in the 438th Judicial District Court of Bexar County, Texas asserting claims arising from Defendant's possession and refusal to return Plaintiff's $5,000,000.00 funds held by Defendant as a fiduciary and escrow agent.

On April 10, 2026, Judge Tina Torres of the 407th District Court of Bexar County, Texas issued an order with the following findings:

1. "An ex parte order rendered without notice to Defendant was necessary because Plaintiff demonstrated that Plaintiff was likely to suffer immediate and irreparable harm before Plaintiff could be heard after providing notice."
2. "The evidence shows that Plaintiff will suffer probable, imminent, and irreparable harm before the temporary injunction hearing if the Court does not issue a temporary restraining order against Defendant because Defendant continues to refuse to return Plaintiff's funds."

Judge Torres's April 10, 2026 Order also set the Temporary Injunction ("**TI**") Hearing for April 23, 2026 (*see* Ex. A, April 10, 2026 TRO). All filings were sent and received by Defendant on or before April 16, 2026. On April 22, 2026, Defendant Valdespino contacted counsel for Plaintiff, requesting the TI hearing to be reset until May 1, 2026. The parties conferred, which resulted in a Rule 11 Agreement whereby Defendant (licensed attorney) expressly acknowledged and agreed:

1. There is in excess of $5,000,000.00 in my IOLTA trust account, $5,000,000.00 of which was sent to me by Plaintiff I.C. Deposits Development, Inc.
2. I will personally appear, either pro se or with counsel, at the Temporary Injunction hearing on May 1, 2026.
3. I will file an answer to this lawsuit by no later than May 4, 2026.

*See* Ex. B, April 24, 2026 Rule 11 Agreement signed by Defendant, *pro se*.

On May 1, 2026, Defendant appeared pro se for the TI hearing that he expressly agreed to attend; however, Defendant made a "Not Ready" Motion to the court seeking to have the TI hearing rescheduled once again. Defendant's Not Ready Motion was heard by Judge Norma Gonzalez. Defendant's Not Ready Motion was granted, and the TI hearing was reset for the third

time for May 11, 2026 based on Defendant's representations to the court that he would be ready for the TI hearing on May 11, 2026. *See* Ex. C, Judge Gonzalez Order Granting Valdespino Not Ready Motion.

On May 4, 2026, Defendant filed his answer with the Court thereby making an appearance and dispensing with any claims of not being properly served. *See* Ex. D, Defendant's Answer.

Defendant issued written objections on May 11, 2026 to Plaintiff's subpoena duces tecum (which Defendant explicitly acknowledges was served on Defendant on May 6, 2026), which required Defendant to appear and produce documents related to the location of Plaintiff's $5,000,000.00. *See* Ex. E, Defendant's May 11, 2026 Subpoena Objections.

On May 11, 2026, Defendant appeared *pro se* for the TI hearing, and once again, made a Not Ready Motion. After hearing arguments by Plaintiff and counsel for Defendant, the Court denied Defendant's Not Ready Motion, and the parties were assigned to Judge Larry Noll to hear Plaintiff's Application for Temporary Injunction.

Following extensive arguments and evidence presented by counsel for Plaintiff and Defendant, Judge Larry Noll issued a Temporary Injunction Order that explicitly required Defendant to pay Plaintiff's $5,000,000.00 in to the registry of the Bexar County Court Clerk by no later than May 14, 2026, by 11:00 a.m. *See* Ex. F, May 11, 2026 Judge Noll TI Order.

Notably, the deadline that was set by Judge Noll in the TI Order was based on representations by Defendant of the amount of time Defendant needed to pay the funds into the Court registry. At no time did Defendant ever express any inability to pay the funds in accordance with Judge Noll's TI Order. Further, counsel for Plaintiff and Defendant mutually agreed to the form of the order, which was recited into the record by Judge Noll. *Id*.

Specifically, Judge Noll found:

- Plaintiff would suffer imminent and irreparable injury;
- Defendant possessed Plaintiff's $5,000,000.00;
- the funds were the crux of the dispute;
- Plaintiff would probably recover in the action; and
- the injunction was necessary to preserve the status quo.

Only *after* the state court entered the injunction order requiring deposit of the funds did Defendant remove the case to this Court.

## III. THE CASE MUST BE REMANDED

### A. Removal Violates the Forum Defendant Rule

Removal is improper under 28 U.S.C. § 1441(b)(2), commonly known as the forum defendant rule. Section 1441(b)(2) provides:

> "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendant admits in the Notice of Removal that Plaintiff is a Florida corporation; and Defendant is a citizen of Texas. This lawsuit was filed in Texas state court against a Texas defendant. Accordingly, removal is barred unless Defendant can establish that he was not "properly joined and served." Defendant cannot credibly make that showing here.

Texas Rule of Civil Procedure 120 expressly provides: "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Texas courts consistently hold that filing an answer constitutes a general appearance and waives complaints regarding service defects. See *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304–05 (Tex. 2004) ("A general appearance by a defendant dispenses with the need for service of process."); *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998) (a party

enters a general appearance when it invokes the judgment of the court on any question other than jurisdiction); *York v. State*, 373 S.W.3d 32, 41 (Tex. 2012) (general appearance waives defects in service).

Here, Defendant (licensed attorney) Valdespino:

- negotiated, executed, and entered a Rule 11 agreement (Ex. B, Rule 11 Agreement);
- sought relief from the state court by making a Not Ready Motion, which was *granted* (Ex. C, Not Ready Order);
- filed an answer in the state court proceeding (Ex. D, Defendant's Answer);
- issued written objections in response to Plaintiff's Subpoena Duces Tecum, which Defendant acknowledges was served upon him on May 6, 2026 (Ex. E, Defendant's Subpoena Objections);
- participated in the hearing on Defendant's second Not Ready Motion;
- litigated the merits of Plaintiff's TI application before Judge Noll and proposed the deadline used in the TI Order for Plaintiff's funds to be paid into the registry of the state court's clerk; and
- agreed to the terms of Judge Noll's TI Order as to form after having an opportunity to review and comment on the terms (Ex. F, TI Order).

Defendant's litigation conduct unequivocally constitutes a general appearance under Texas law. Federal courts applying the forum defendant rule have repeatedly rejected manipulative attempts to circumvent § 1441(b)(2) through procedural gamesmanship. *See In re Levy*, 52 F.4th 244, 246–47 (5th Cir. 2022) (recognizing the forum defendant rule's purpose of preventing in-state defendants from removing diversity cases); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n*,

955 F.3d 482, 485–87 (5th Cir. 2020) (discussing the limited and technical nature of "snap removal").

Unlike a typical snap-removal case involving removal before any appearance or participation, Defendant here fully invoked the jurisdiction of the Texas state court, litigated substantive equitable issues, and removed only after suffering an adverse injunction ruling requiring deposit of the disputed funds. Allowing removal under these circumstances would directly undermine the purpose of § 1441(b)(2) and reward tactical manipulation of the judicial process.

**B. Defendant Waived Removal Through Extensive State Court Litigation**

Independent of the forum defendant rule, Defendant waived removal by substantially invoking the jurisdiction of the Texas state court and litigating the merits prior to removal.

The Fifth Circuit recognizes that a defendant may waive removal rights through litigation conduct demonstrating a "clear and unequivocal" intent to proceed in state court. *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

Although waiver is not lightly inferred, federal courts consistently hold that removal rights may be forfeited where a defendant seeks adjudication on the merits before removing. *See Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989) ("A waiver of the right to remove must be clear and unequivocal."); *Johnson v. Heublein Inc.*, 227 F.3d 236, 244 (5th Cir. 2000) (waiver occurs where defendant manifests intent to litigate in state court). Courts specifically examine whether the removing party: sought substantive rulings, invoked state court jurisdiction, litigated merits issues, or attempted to "test the waters" before removing. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426–27 (5th Cir. 2003) (recognizing equitable considerations in removal analysis).

Here, Defendant, among other things, filed an answer, entered a Rule 11 agreement, sought and received relief from the state court, responded to Plaintiff's subpoena, and appeared and presented arguments at the TI hearing.

Most significantly, the state court entered a Temporary Injunction Order requiring Defendant to deposit $5,000,000.00 into the registry of the court after expressly finding: imminent irreparable harm, probable right to recovery, and danger of dissipation of funds. Removal occurred only after Defendant suffered this adverse ruling.

Courts routinely condemn precisely this type of tactical forum shopping. *See Jacko*, 121 F. Supp. 2d at 576–77 (waiver found where defendant substantially invoked state court jurisdiction before removing); *Rosenthal v. Coates*, 148 U.S. 142, 147 (1893) (removal statutes should not permit manipulation of forums after substantial state court proceedings). Defendant should not be permitted to litigate the merits in state court, await the outcome of emergency equitable proceedings, and then invoke federal jurisdiction only after receiving an unfavorable ruling.

**C. Defendant's Removal Papers Are Internally Inconsistent**

Defendant represented to this Court: "Upon information and belief, Defendant has not been served in the underlying lawsuit." That representation is irreconcilable with Defendant's own conduct and filings. Defendant's removal papers attach: Defendant's Original Answer; notices of hearing; Rule 11 agreements; and the Temporary Injunction Order.

These filings conclusively establish Defendant's participation in the state court proceedings. Defendant cannot simultaneously: (1) invoke the state court's jurisdiction and litigate the merits for weeks; and (2) claim lack of service after filing an answer to solely to evade the forum defendant rule after suffering an adverse ruling. Federal courts reject such procedural gamesmanship. *See Tedford*, 327 F.3d at 426–27.

## IV. ALTERNATIVE REQUEST TO ENFORCE EXISTING TEMPORARY INJUNCTION

### A. Existing State Court Injunction Remains Effective Under 28 U.S.C. § 1450

Even if this Court declines immediate remand, the existing Temporary Injunction Order entered by the Texas state court remains fully effective and enforceable pursuant to 28 U.S.C. § 1450. Section 1450 provides: "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

The Supreme Court has explained that § 1450 exists to preserve the effectiveness of state-court orders after removal and to prevent disruption caused by tactical removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 436 (1974). Accordingly, removal does not automatically dissolve or suspend an otherwise valid state-court injunction. *Id.*; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303–04 (5th Cir. 1988).

Here, the Texas district court already conducted the temporary injunction proceedings, heard argument, evaluated the evidence, and entered a Temporary Injunction Order requiring Defendant to deposit the disputed escrow funds into the registry of the court. Defendant cannot nullify that order simply by removing the case immediately before the compliance deadline. Unless and until modified or dissolved by this Court, the state court's injunction remains fully operative under federal law. As a result, Defendant has knowingly and intentionally refused to comply with Judge Noll's Order since May 14, 2026.

### B. The State Court Already Found Irreparable Harm and Probable Right to Recovery

Judge Noll already made express findings supporting injunctive relief. Specifically, Judge Noll found that:

- Plaintiff would suffer imminent and irreparable injury absent injunctive relief;

- Plaintiff demonstrated a probable right to recovery;
- the disputed funds were at risk absent court intervention;
- and injunctive relief was necessary to preserve the status quo pending final adjudication.

Unlike cases where a federal court is asked to issue emergency relief based solely upon untested allegations, the injunction here was entered only after Defendant appeared, answered, responded to Plaintiff's subpoena, participated in the proceedings, and litigated the merits of Plaintiff's request for temporary injunctive relief.

Further, Defendant expressly admitted in a signed Rule 11 Agreement: "There is in excess of $5,000,000.00 in my IOLTA trust account, $5,000,000.00 of which was sent to me by Plaintiff I.C. Deposits Development, Inc." Thus, unlike generalized asset-freeze cases involving speculative tracing or uncertain ownership, the disputed funds here are: specifically identifiable, traceable, and allegedly held in a fiduciary escrow capacity. The state court's findings were therefore supported by both the evidentiary record and Defendant's own admissions.

**C. Immediate Enforcement Is Necessary to Preserve the Status Quo**

Immediate enforcement of the existing injunction remains necessary to preserve the status quo and prevent dissipation of the disputed escrow funds. The danger here is not hypothetical. Defendant admitted possession of Plaintiff's funds; acknowledged the existence of the funds in his IOLTA account; refused repeated demands for return of the funds; litigated the injunction proceedings; and removed this case immediately before the deadline to comply with the state court's registry-deposit order.

This sequence demonstrates a concrete and immediate danger that the disputed escrow funds may be transferred, dissipated, concealed, or otherwise rendered unavailable absent

continued injunctive relief. Importantly, Plaintiff does not seek a generalized restraint on Defendant's unrelated assets. Plaintiff instead seeks preservation of specifically identifiable escrow funds that are the direct subject matter of this litigation.

Courts consistently recognize that equitable relief preserving a specific identifiable relief differs materially from an impermissible prejudgment freeze of unrelated assets. *See Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011).

Accordingly, even if remand is not immediately granted, this Court should enforce the existing Temporary Injunction Order pursuant to 28 U.S.C. § 1450 and require immediate deposit of the disputed funds into the registry of the Court pending further proceedings.

**D. This Case Is Materially Distinguishable from Cases Denying Prejudgment Asset Freezes**

Defendant may attempt to characterize the requested relief as an improper prejudgment asset freeze. That characterization is incorrect. This case does not involve a generalized restraint on unrelated assets to secure a future money judgment. Rather, Plaintiff seeks preservation of specifically identifiable escrow and trust funds that Defendant expressly admitted are being held in his IOLTA trust account. In a signed Rule 11 Agreement filed in the underlying state court action, Defendant expressly represented, "There is in excess of $5,000,000.00 in my IOLTA trust account, $5,000,000.00 of which was sent to me by Plaintiff I.C. Deposits Development, Inc."

Unlike ordinary damages cases involving fungible assets, the funds at issue here are specifically identifiable, were allegedly transferred into a designated IOLTA escrow account, are traceable, were allegedly held pursuant to an escrow and fiduciary relationship, and are the precise subject matter of the dispute.

Courts consistently distinguish between impermissible freezes of unrelated assets and permissible preservation of specific, identifiable property subject to equitable claims. *See Grupo*

*Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 325–33 (1999); *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289–90 (1940).

The Fifth Circuit likewise recognizes that injunctive relief preserving assets may be appropriate where the restraint is "limited to the property in dispute or its direct, traceable proceeds." *Janvey*, 647 F.3d at 600.

Further, Plaintiff asserts equitable and fiduciary claims, including:

• breach of fiduciary duty;

• declaratory relief concerning ownership of the escrow funds;

• constructive trust-type relief;

• fraudulent inducement;

• and equitable ownership claims to the specific funds transferred into Defendant's IOLTA account.

Accordingly, the equitable concerns identified in *Grupo Mexicano* are not implicated here.

**E. Plaintiff Has Demonstrated Actual, Non-Speculative Risk of Dissipation**

The risk of dissipation here is neither speculative nor hypothetical. Defendant previously acknowledged possessing Plaintiff's funds and represented in writing that he would return the $5,000,000.00.

Despite those representations, Defendant failed to return the funds, resisted repeated demands for return of the escrow funds, participated in the injunction proceedings, and removed the case after Defendant did not receive a favorable ruling on Plaintiff's TI application.

This sequence of events demonstrates far more than a generalized fear of nonpayment. It demonstrates a concrete and immediate danger that the disputed escrow funds may be transferred, dissipated, concealed, or otherwise rendered unavailable absent continued injunctive relief.

Importantly, Defendant has already admitted the existence and location of the specific funds. This is not a situation involving speculative tracing or uncertain ownership of commingled assets. Judge Noll already evaluated the evidence and expressly found imminent irreparable harm, probable right to recovery, and necessity of preserving the status quo pending final adjudication. Under 28 U.S.C. § 1450, those findings and the resulting injunction remain operative unless modified or dissolved by this Court.

**F. This Court Is Not Being Asked to Issue a Brand-New Injunction in the First Instance**

Importantly, Plaintiff is not asking this Court to issue a brand-new TRO based solely on untested allegations. Rather, the Texas district court already conducted the injunction proceedings; Defendant already appeared and litigated the merits; the state court already weighed the evidence; and the state court already entered a Temporary Injunction Order requiring Defendant to deposit the disputed funds into the registry of the court.

Under 28 U.S.C. § 1450: "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

The Supreme Court has explained that § 1450 exists to preserve the effectiveness of state-court orders after removal and to prevent disruption caused by tactical removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 436 (1974). Thus, the operative question is not whether this Court should enter an entirely new injunction from scratch, but whether Defendant should be permitted to evade an already-existing injunction through tactical removal immediately before the compliance deadline

**G. The Timing of Removal Demonstrates Tactical Forum Shopping**

The timing of removal is particularly revealing. Defendant removed this case only after

fully litigating the temporary injunction proceedings, participating in hearings, requesting and receiving relief from the court, filing an answer; entering a Rule 11 agreement, and suffering an adverse injunction ruling requiring deposit of the disputed funds.

Most notably, removal after Judge Noll issued the TI Order requiring Defendant to deposit the $5,000,000.00 into the registry of the court. The removal was plainly tactical and designed to frustrate enforcement of the state court's injunction order. Federal removal statutes should not be interpreted to reward strategic forum manipulation following adverse state-court rulings. *See Tedford v. Warner-Lambert Co*., 327 F.3d 423, 426–27 (5th Cir. 2003).

Accordingly, remand is warranted and, at minimum, the existing injunction should remain fully enforceable pursuant to 28 U.S.C. § 1450 pending remand.

## V. REQUEST FOR ATTORNEY'S FEES

Plaintiff additionally requests recovery of fees and costs incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c).

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

1. Grant Plaintiff's Emergency Motion to Remand;
2. Remand this case to the Judicial District Court of Bexar County, Texas;
3. Award Plaintiff its fees and costs incurred as a result of the improper removal;
4. In the alternative, enforce the existing Temporary Injunction Order pursuant to 28 U.S.C. § 1450;
5. Order Defendant to immediately deposit the $5,000,000.00 into the registry of the Court;
6. Set this matter for expedited hearing; and
7. Grant all other relief to which Plaintiff may be entitled.

Respectfully submitted,

**CUBETA LAW GROUP, PLLC**

By:____*/s/ Kelli Cubeta*____
Kelli P. Cubeta
Texas Bar No. 24040746
Email: Kelli.Cubeta@CubetaLaw.com
322 Martinez Street
San Antonio, Texas 78205
Telephone: (210) 934-4500

**AND**

**DROUGHT, DROUGHT & BOBBITT, L.L.P**

By:*/s/ Matthew J. Badders*
Matthew J. Badders
State Bar No. 24069325
mjb@ddb-law.com
Laura H. Gonzalez
State Bar No. 24127264
lhg@ddb-law.com
2632 Broadway St., Suite 401-S
San Antonio, Texas 78215
(210) 225-4031 Telephone
(210) 222-0586 Telecopier

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via ECF on May 20, 2026.

*/s/ Kelli Cubeta*
Kelli Cubeta