**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **I.C. DEPOSITS DEVELOPMENT, INC.** *Plaintiff* | § § § | |
| ***v.*** | § § | **CIVIL ACTION NO. 5:26-CV-03178-FB** |
| **EDWARD F. VALDESPINO,** *Defendant* | § § § § | |

**MOTION TO VACATE STATE-COURT TEMPORARY INJUNCTION**

TO THE HONORABLE COURT:

Defendant Edward F. Valdespino files this Motion to Vacate State-Court Temporary Injunction and respectfully shows as follows:

**Introduction**

Despite a binding agreement to arbitrate its disputes, Plaintiff initiated this suit against Valdespino in state court in Bexar County. *See* ECF No. 1-2 at 3–19. Plaintiff obtained an *ex parte* Temporary Restraining Order in the state court and, later, a temporary injunction. *See* ECF No. 1-2 at 37–38, 67–68. Defendant timely removed the case and has moved this Court to enforce the parties' arbitration agreement. ECF Nos. 1, 3.

Before considering Plaintiff's motion to remand, the Court should first dissolve the temporary injunction and compel this matter to arbitration.[1] The state court's temporary injunction is improper on the merits, as Judge Rodriguez concluded in a related case also involving Valdespino and a similar contract with the same language at issue here. Because

[1] *See* Defendant's Motion to Compel Arbitration (ECF No. 3).

Plaintiff has an adequate remedy at law (monetary damages), an injunction is not available. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm.").

Further, courts in this circuit and elsewhere will vacate an injunction entered pre-removal where, as here, the parties have agreed to resolve their disputes by binding arbitration under the rules of the American Arbitration Association (AAA). *See RX Pros, Inc. v. CVS Health Corp.*, No. CV 16-0061, 2016 WL 316867, at *6 (W.D. La. Jan. 26, 2016) (citing *King v. La. Citizen's Fair Plan Ins. Co.*, No. 07-77675, 2008 WL 3876258, at *1 (E.D. La. Aug. 18, 2008); *Costello v. Patterson Dental Supply, Inc.*, No. 5:06-CV-213, 2007 WL 1041128, at *7 (W.D. Mich. Apr. 5, 2007)). In such case, "the proper solution is [for the federal court] to vacate the original order." *RX Pros*, 2016 WL 316867, at *3.

## Arguments and Authorities

A court may vacate an order or judgment because it is void or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(4), (6). This Court has the power to—and should—vacate the state court injunction, which was granted in error because the parties agreed to arbitrate preliminary matters by invoking the AAA rules. *See RX Pros*, 2016 WL 316867, at *3.

### I. The temporary injunction is improper because Plaintiff has an adequate remedy at law.

The state court's temporary injunction is improper on the merits. In a related case involving a similar contract, Judge Rodriguez denied injunctive relief in a thoroughly reasoned opinion that is attached as Exhibit A and incorporated by reference. *See Wyse, et al.*

*v. Valdespino, et al.*, No. SA-26-CA-02973-XR (W.D. Tex. May 15, 2026). Judge Rodriguez based his decision on the lack of one of the fundamental requirements of injunctive relief (an inadequate remedy at law), explaining that "[e]ven if Valdespino *were* to dissipate the [funds], Plaintiffs do not explain why a post-judgment, monetary remedy would be inadequate." *Id.* at 4 (emphasis in original).

The same reasoning applies here too. Injunctive relief is appropriate only when there is no adequate remedy at law, such as money damages. *See Dennis Melancon*, 703 F.3d at 279. As in the *Wyse* case, Plaintiff has such a remedy because it is seeking monetary damages.

## II. The temporary injunction may be void because the parties agreed to submit requests for preliminary relief to the arbitrator.

A district court in this circuit vacated a state court's pre-removal temporary injunction, concluding it was void for being entered in violation of the parties' agreement to arbitrate under the AAA rules.

In *RX Pros*, a pharmacy sued Caremark in state court for allegedly wrongfully terminating it from Caremark's network. *Id.* at *1. Like here, the parties' contract contained a "robust" arbitration provision mandating that all disputes be resolved in arbitration before the AAA. *Id.* The arbitration provision referenced AAA's procedures for emergency injunctive relief but, like here, did not explicitly prohibit the parties from seeking injunctive relief in state or federal court. *Id.* The pharmacy successfully petitioned the state court to grant a temporary restraining order enjoining Caremark from terminating the contract. *Id.*

Caremark then removed the case to federal court and moved to compel arbitration and to dissolve the state court's TRO. *Id.* at *2. The federal district court agreed with Caremark that because the parties agreed to the AAA rules, they also agreed to submit arbitrability itself and all preliminary matters (like applications for injunctive relief and even questions about

where to seek injunctive relief) to the arbitrator—not a court. *Id.* at *3.[2] The court granted Caremark's motion, dissolved the improper TRO, and compelled the dispute to arbitration before the AAA. *Id.*

Here, too, the state court-issued temporary injunction was improper because the parties agreed to arbitrate "under the rules of the [AAA.]" ECF No. 3-1 at 2 § 1. So, like the contract at issue in *RX Pros*, Valdespino's and Plaintiff's contract requires any injunctive relief to be sought and procured through arbitration. At a minimum, the parties agreed to allow the arbitrator to decide where injunctive relief can be sought. The state court, therefore, improperly granted relief that the parties agreed would be the sole province of the arbitrator to decide. *See RX Pros*, 2016 WL 316867, at *3.[3]

Since the AAA rules expressly allow the arbitrator to "take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods," Plaintiff can always request that relief in the proper forum. AAA Commercial Arbitration Rule 38(a), *available at:* https://www.adr.org/media/qielmf0g/2025_commercialrules_web.pdf.[4]

---

[2] *See also Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012) ("We agree with most of our sister circuits that the express adoption of [the AAA] rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."); *Total Energies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 708 (Tex. 2023) (joining "the vast majority of courts" to conclude that by agreeing to arbitrate according to the AAA rules, "the parties incorporated the AAA rules into their arbitration agreement, and thus the rules are binding").

[3] *Cf. Janvey v. Alguire*, 647 F.3d 585, 591–93 (5th Cir. 2011) (recognizing the federal district court was permitted to preserve the status quo pending resolution of a motion to compel arbitration where the parties agreed to arbitrate under the FINRA rules, which do not appear to reserve arbitrability and other preliminary matters to the arbitrator like the AAA rules invoked by the parties here).

[4] Further, while the AAA rules also provide that requesting injunctive relief in a court "shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate," *see id.* R. 38(c), that provision does not authorize a litigant to do an end-run around its agreement to submit preliminary matters to the arbitrator, like Plaintiff did here and like the pharmacy did in *RX Pros.*

Accordingly, in addition to compelling arbitration, this Court should vacate the state court's improper temporary injunction.

## Prayer

For these reasons, Valdespino respectfully requests that the Court vacate the state court's improper temporary injunction, grant Valdespino's motion to compel arbitration (ECF No. 3), refer Plaintiff's claims to AAA, abate these proceedings pending arbitration, and grant Valdespino all further relief to which he may be entitled at law or in equity.

Dated: May 29, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Caroline Newman Small*

Jason M. Davis
State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel.: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendant***
***Edward F. Valdespino***

## Certificate of Service

I certify that on May 29, 2026, a true and correct copy of the foregoing document was served upon the interested parties listed below in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system.

| | | |
|---|---|---|
| Kelli Cubeta | ______ | U.S. Mail |
| E-mail: *Kelli.Cubeta@cubetalaw.com* | ______ | CMRRR |
| CUBETA LAW GROUP, PLLC | ______ | Facsimile |
| 322 Martinez St. | ______ | E-mail |
| San Antonio, Texas 78205 | X | E-file |

AND

| | | |
|---|---|---|
| Matthew J. Badders | ______ | U.S. Mail |
| Laura H. Gonzalez | ______ | CMRRR |
| E-mail: *mjb@ddb-law.com* | ______ | Facsimile |
| E-mail: *lhg@ddb-law.com* | ______ | E-mail |
| DROUGHT, DROUGHT & BOBBITT, LLP | X | E-file |
| 2632 Broadway St., Suite 401-S | | |
| San Antonio, Texas 78215 | | |

***Attorneys for Plaintiff***

/s/ *Caroline Newman Small*
Caroline Newman Small