**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **I.C. DEPOSITS DEVELOPMENT, INC.** *Plaintiff* | § § § | |
| ***v.*** | § § | **CIVIL ACTION NO. 5:26-CV-03178-FB** |
| **EDWARD F. VALDESPINO,** *Defendant* | § § § § | |

**RESPONSE TO MOTION TO REMAND AND ALTERNATIVE MOTION TO ENFORCE TEMPORARY INJUNCTION**

TO THE HONORABLE COURT:

Defendant Edward F. Valdespino files this Response to Plaintiff's Motion to Remand and, in the Alternative, Motion to Enforce Existing Temporary Injunction (ECF No. 5) and respectfully shows as follows:

**Introduction**

A forum-defendant, like Valdespino, may remove a case if he has not yet been served with process. *Adams v. Zachry Indus., Inc.*, No. SA-23-CV-01437-XR, 2024 WL 180854, at *2 (W.D. Tex. Jan. 16, 2024) ("Through snap removal, a forum defendant can remove a case from state court to federal court prior to that defendant being 'properly joined and served.'"). Valdespino was not served, and Plaintiff does not contend otherwise.

Plaintiff instead argues Valdespino's appearance in the state court waived proper service for purposes of the removal statute. Authority from a court in this district suggests otherwise. *See Raven Cap. Grp., LLC v. CH CRP 26, LLC*, No. SA-21-CV-00059-XR, 2021 WL 1432699, at *2 (W.D. Tex. Feb. 12, 2021) (holding defendant who "vigorously defended"

against a petition for a temporary restraining order did not waive service for removal purposes).

Regardless, the Court need not address that argument because the forum-defendant rule is procedural, not jurisdictional. *Adams*, 2024 WL 180854, at *2 ("Importantly, "the forum-defendant rule is a procedural rule and not a jurisdictional one."). So, even if this case were improperly removed as Plaintiff contends, this Court nevertheless has subject-matter jurisdiction because it is undisputed that there is complete diversity and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The Fifth Circuit has held that where the district court has jurisdiction, even if removal was improper, the district court must decide a motion to compel arbitration *before* a motion for remand. *Odom Indus., Inc. v. Sipcam Agro Sols., LLC*, No. 24-60410, 2025 WL 1576800, at *1 (5th Cir. June 4, 2025) (per curiam, unpub'd). Since this Court undisputedly has jurisdiction, it must put Plaintiff's motion to remand aside and first decide Valdespino's pending motion to compel arbitration (ECF No. 3).

Finally, the Court should vacate, rather than enforce, the state court temporary injunction. In fact, as discussed below, in a related case involving Valdespino and a similar contract with the same language at issue here, Judge Rodriguez refused to issue a similar injunction based on the fundamental principle that injunctive relief is inappropriate where, like here, money damages are an available remedy at law. *See also Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm.").

Further, both Texas and the Fifth Circuit recognize that where the parties have agreed to arbitrate in accordance with the American Arbitration Association (AAA) rules, as they did here, they have clearly and unmistakably agreed that the question of arbitrability itself must be decided by the arbitrator. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012); *Total Energies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 708 (Tex. 2023). That includes requests for preliminary relief. *See RX Pros, Inc. v. CVS Health Corp.*, No. CV 16-0061, 2016 WL 316867, at *6 (W.D. La. Jan. 26, 2016).

Accordingly, this Court should deny Plaintiff's request to enforce the temporary injunction entered by the state court and enter an order vacating it instead.

## <u>Argument and Authorities</u>

### I. Removal was proper.

A civil action may be removed if the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441(b). That is the case here. Valdespino is a Texas resident, and Plaintiff is a Florida corporation. ECF No. 1-2 at 3 ¶¶ 2–3. Plaintiff is seeking "monetary relief of over $1,000,000.00." *Id.* at 4 ¶ 6.

An otherwise removable diversity action may not be removed, however, if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). This is the "forum-defendant" rule.

But there is one "major exception" to the forum-defendant rule—"snap removal." *Adams*, 2024 WL 180854, at *2. "Through snap removal, a forum defendant can remove a case from state court to federal court prior to that defendant being 'properly joined and served.'" *Id.* (citing *Tex. Brine Co., LLC v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir.

2020); *Raven Cap. Grp., LLC v. CH CRP 26, LLC*, No. SA-21-CV-00059-XR, 2021 WL 1432699, at *2 (W.D. Tex. Feb. 12, 2021)).

Valdespino was never served with process in the state court, so he was entitled to "snap" remove this action based on diversity even though he is Texas defendant. *See id.*[1]

## II. The Court must decide Valdespino's motion to compel arbitration before Plaintiff's motion to remand.

Plaintiff argues Valdespino waived service in the state court by (1) entering a Rule 11 agreement, (2) filing and arguing a not-ready motion, (3) filing an answer, (4) making written objections to a subpoena duces tecum, (5) litigating the merits of Plaintiff's application for temporary injunction, and (6) agreeing to the form of the temporary injunction. ECF No. 5 at 6.

A court in this district held a defendant who did most of these things and more, including "vigorous[ly] defen[ding]" against an application for a temporary restraining order, did not waive the right to snap-removal. *Raven Cap. Grp., LLC v. CH CRP 26, LLC*, No. SA-21-CV-00059-XR, 2021 WL 1432699, at *2 & n.1 (W.D. Tex. Feb. 12, 2021) (holding defendant did not waive service by appearing at a hearing to contest the petition, filing a discovery motion, agreeing to postpone a hearing, filing a Rule 11 agreement, signing an order permitting release of another defendant, appearing and arguing a discovery motion, appearing to confirm the date of an injunction hearing, and engaging in discovery pursuant to order). Specifically, the court recognized: "It is beyond dispute that entering an appearance to defend

[1] Plaintiff's reliance upon the Fifth Circuit's decision in *In re Levy*, 52 F.4th 244 (5th Cir. 2022) is misplaced since, in that case, snap removal was improper only because there was not complete diversity. *Id.* at 247 ("The key is that where—as here—there is no other basis for subject matter jurisdiction [besides diversity], no case can be successfully removed unless diversity is complete.").

against a petition for temporary restraining order does not constitute a general appearance." *Id.* at *2.

It does not appear that any court in this district has determined whether solely filing an answer in state court is enough to constitute service for removal purposes, although some courts in other Texas districts have held that it does.[2] Whether a defendant who answered in the state court despite not being properly served is deemed "served" for purposes of removal is therefore an open question, as least in this district.

Regardless, this Court cannot determine whether Valdespino's appearance in state court constitutes service before deciding Valdespino's motion to compel arbitration. That's because the forum-defendant rule is procedural, not jurisdictional. *Tex. Brine*, 955 F.3d at 485 (recognizing that "the forum-defendant rule is a procedural rule and not a jurisdictional one," so even if removal were improper, the district court had subject-matter jurisdiction to enter judgment on the pleadings because each defendant was diverse from the plaintiff); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392–93 (5th Cir. 2009) (aligning with "many other federal appellate courts" to conclude that because "the forum-defendant rule [is] a procedural requirement," a federal district court that erroneously denied a motion to remand nevertheless had subject-matter jurisdiction to try the case to verdict); *see also Adams*, 2024 WL 180854, at *2.

---

[2] *E.g., Fortis Constr., LLC v. Avalos*, No. 1:23-CV-00009-MAC-ZJH, 2023 WL 2154937, at *9 (E.D. Tex. Feb. 9, 2023), *report and recommendation adopted*, No. 1:23-CV-00009-MAC-ZJH, 2023 WL 2143598 (E.D. Tex. Feb. 21, 2023); *Nat'l Collegiate Student Loan Tr. 2006-3 v. Richards*, No. 3:16-CV-1936-M, 2016 WL 4533216, at *2 (N.D. Tex. Aug. 30, 2016).

The Fifth Circuit has held that once the district court acquires jurisdiction, even if removal was procedurally improper, it *must* decide a motion to compel arbitration before a motion for remand. *See Odom*, 2025 WL 1576800, at *1.

In *Odom*, the district court granted a motion to remand based on a forum-selection clause and denied a motion to compel arbitration "without prejudice to its re-urging in state court." 2025 WL 1576800, at *1. In a per curiam opinion, the Fifth Circuit reversed, explaining:

> Ours is a system of ordered procedure. It begins with jurisdiction. Once that threshold is crossed, a district court must address motions in the sequence that the law demands. When a motion to compel arbitration is pending and jurisdiction is secure, that motion comes first. The Federal Arbitration Act . . . says so and has for nearly a century.

*Id.*

The court relied on section 4 of the Federal Arbitration Act (FAA), which requires courts to summarily decide motions to compel arbitration. *Id.* at *2 (citing 9 U.S.C. § 4). In pertinent part, the FAA provides: "[T]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (emphasis added). The Fifth Circuit characterized this provision as a "mandatory" directive to the trial court that must be complied with before taking other action in the case except for resolving jurisdictional issues. *Id.* at *2–3.

Here, the parties' arbitration agreement invokes Texas law. *See* ECF No. 3-1 § 1. The Texas General Arbitration Act (TAA) mimics the FAA's mandatory language, providing: "A court *shall* order the parties to arbitrate on application of a party showing: (1) an agreement

to arbitrate; and (2) the opposing party's refusal to arbitrate." TEX. CIV. PRAC. & REM. CODE § 171.021(a) (emphasis added).[3] Texas courts recognize the TAA, like the FAA, obligates courts to "summarily" decide motions to compel arbitration. *See, e.g., In re Aerohead Group, Inc.*, No. 04-25-00086-CV, 2025 WL 1702674, at *3–4 (Tex. App.—San Antonio June 18, 2025, orig. proceeding) (holding trial court erred by "passing" on a motion to compel arbitration and granting summary judgment instead); *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 921–23 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding trial court clearly abused its discretion by abating its ruling on a motion to compel arbitration until after discovery was completed).

Plaintiff also argues Valdespino waived the right to remove merely by responding to Plaintiff's state court pleading and application for injunctive relief. While courts will *very rarely* find a defendant waived his right to remove a matter by extensive litigation conduct,[4] waiver, like the forum-defendant rule, is not jurisdictional. *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 258 (5th Cir. 2025) (en banc) ("A party may waive its right to remove a case, but that waiver bears no relation to the [federal] court's jurisdiction to hear it.").

Therefore, both federal and Texas law require this Court to take up and decide Valdespino's motion to compel arbitration *before* it decides Plaintiff's motion for remand. *See*

[3] Texas law also incorporates the FAA, so both acts apply concurrently. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 338 n.7 (5th Cir. 2004).

[4] *E.g., Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) (concluding waiver resulted from filing answers and amended answers, motions, third-party demands, cross claims, amended cross claims, and from participation in discovery, including depositions).

*id.; Odom*, 2025 WL 1576800, at *2–3. For the reasons stated in Valdespino's motion to compel arbitration (ECF No. 3), there is no question arbitration is required here.

### III. The state court injunction should be vacated, not enforced.

This Court also has the power to—and should—vacate the state court injunction.[5]

The state court's temporary injunction is improper on the merits. In a related case involving Valdespino and a similar contract with the same language at issue here, Judge Rodriguez denied injunctive relief in a thoroughly reasoned opinion that is attached as Exhibit A and incorporated by reference. *See Wyse, et al. v. Valdespino, et al.*, No. SA-26-CA-02973-XR (W.D. Tex. May 15, 2026). Judge Rodriguez based his decision on the lack of one of the fundamental requirements of injunctive relief—an inadequate remedy at law, explaining that "[e]ven if Valdespino *were* to dissipate the [funds], Plaintiffs do not explain why a post-judgment, monetary remedy would be inadequate." *Id.* at 4 (emphasis in original).

The same reasoning applies here too. Injunctive relief is appropriate only when there is no adequate remedy at law, such as money damages. *See Dennis Melanco*, 703 F.3d at 279 ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm."). As in the *Wyse* case, Plaintiff has such a remedy because it is seeking only monetary damages.

In addition, at least one court in the Fifth Circuit has vacated a temporary restraining order issued by a state court prior to removal where the matter was subject to arbitration. In *RX Pros*, after the state court entered a temporary restraining order, the defendant removed

[5] Concurrently with this response, Plaintiff is filing a motion to vacate the injunction issued by the state court.

and asked the federal court to compel arbitration. 2016 WL 316867, at *2. The federal court held that because the parties agreed to arbitrate under the AAA rules, they also agreed to submit arbitrability and all preliminary matters (like applications for injunctive relief and even questions about where to seek injunctive relief) to the arbitrator—not a court. *Id.* at *3. The court decided that because the state court lacked subject-matter jurisdiction to enter the TRO, "the proper solution is to vacate the [state court's] original order." *Id.* (citing *King v. La. Citizen's Fair Plan Ins. Co.*, No. 07-77675, 2008 WL 3876258 at *1 (E.D. La. Aug. 18, 2008); *Costello v. Patterson Dental Supply, Inc.*, No. 5:06-CV-213, 2007 WL 1041128, at *7 (W.D. Mich. Apr. 5, 2007)).[6]

Here, too, the state court-issued temporary injunction was improper because the parties agreed to arbitrate "under the rules of the [AAA.]" ECF No. 3-1 at 2 § 1. So, like the contract at issue in *RX Pros*, Valdespino's and Plaintiff's contract requires arbitrability and other preliminary matters, such as any injunctive relief, to be sought and procured through arbitration. At a minimum, the parties agreed to allow the arbitrator to decide where injunctive relief can be sought. The state court, therefore, improperly granted relief that the parties agreed would be the sole province of the arbitrator to decide. *See RX Pros*, 2016 WL 316867, at *3.

Since the AAA rules expressly allow the arbitrator to "take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or

---

[6] In its response to Valdespino's motion to compel arbitration, Plaintiff relies on *Janvey v. Alguire*, in which the Fifth Circuit recognized that "a court may preserve the status quo *pending its resolution of a motion to compel arbitration*, not pending the actual arbitration itself." 647 F.3d 585, 593 (5th Cir. 2011) (emphasis in original). But in that case, the parties agreed to arbitrate under the FINRA rules, which do not appear to reserve arbitrability to the arbitrator like the AAA rules invoked by the parties here.

conservation of property and disposition of perishable goods," Plaintiff can always request that relief in the proper forum. AAA Commercial Arbitration Rule 38(a), *available at:* https://www.adr.org/media/qielmf0g/2025_commercialrules_web.pdf.[7]

Accordingly, in addition to compelling arbitration, this Court should vacate the state court's improper temporary injunction.

**<u>Conclusion and Prayer</u>**

There is no dispute that this Court has subject-matter jurisdiction based on diversity. Because its jurisdiction is secure, the Court must "address motions in the sequence that the law demands." *See Odom*, 2025 WL 1576800, at *1. The Fifth Circuit requires a motion to compel arbitration to be decided before a motion for remand.

For these reasons, Valdespino respectfully requests that before the Court considers or decides Plaintiff's motion for remand, it should first vacate the state court's improper temporary injunction, grant Valdespino's motion to compel arbitration (ECF No. 3), refer Plaintiff's claims to AAA, abate these proceedings pending arbitration, and grant Valdespino all further relief to which he may be entitled at law or in equity.

---

[7] Further, while the AAA rules also provide that requesting injunctive relief in a court "shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate," *see id.* R. 38(c), that provision does not authorize a litigant to do an end-run around its agreement to submit preliminary matters to the arbitrator, like Plaintiff did here and like the pharmacy did in *RX Pros.*

Dated: May 29, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Caroline Newman Small*
Jason M. Davis
State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel.: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendant***
***Edward F. Valdespino***

## **Certificate of Service**

I certify that on May 29, 2026, a true and correct copy of the foregoing document was served upon the interested parties listed below in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system.

| | | |
|---|---|---|
| Kelli Cubeta | ______ | U.S. Mail |
| E-mail: *Kelli.Cubeta@cubetalaw.com* | ______ | CMRRR |
| CUBETA LAW GROUP, PLLC | ______ | Facsimile |
| 322 Martinez St. | ______ | E-mail |
| San Antonio, Texas 78205 | X | E-file |

AND

| | | |
|---|---|---|
| Matthew J. Badders | ______ | U.S. Mail |
| Laura H. Gonzalez | ______ | CMRRR |
| E-mail: *mjb@ddb-law.com* | ______ | Facsimile |
| E-mail: *lhg@ddb-law.com* | ______ | E-mail |
| DROUGHT, DROUGHT & BOBBITT, LLP | X | E-file |
| 2632 Broadway St., Suite 401-S | | |
| San Antonio, Texas 78215 | | |

***Attorneys for Plaintiff***

/s/ *Caroline Newman Small*
Caroline Newman Small