**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **I.C. DEPOSITS DEVELOPMENT, INC.** *Plaintiff* | § § § | |
| ***v.*** | § § § | **CIVIL ACTION NO. 5:26-CV-03178-FB** |
| **EDWARD F. VALDESPINO,** *Defendant* | § § § | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO VACATE STATE-COURT TEMPORARY INJUNCTION**

TO THE HONORABLE COURT:

Defendant Edward F. Valdespino files this Reply in Support of his Motion to Vacate State-Court Temporary Injunction (ECF No. 11) and respectfully shows as follows:

## Introduction

The Fifth Circuit has made clear that, among the various motions currently pending, the Court must decide Valdespino's motion to compel arbitration first. *Odom Indus., Inc. v. Sipcam Agro Sols., LLC*, No. 24-60410, 2025 WL 1576800, at *1 (5th Cir. June 4, 2025) (per curiam, unpub'd). If the motion to compel arbitration is granted, and it should be, all other pending motions can be denied as moot.

If arbitration is not compelled, the Court has the power to reconsider and dissolve the temporary injunction issued by the state court prior to removal. *MODE Glob., LLC v. Kuriger*, 350 F.R.D. 271, 274 (N.D. Tex. 2025) ("[T]he district court is free to reconsider and reverse [state court orders] for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."); *Free v. Allstate Indem. Co.*,

541 F. Supp. 3d 767, 772 (E.D. Tex. 2021) ("Prior rulings and orders made or issued by the state court remain in effect after removal . . . although they may be reviewed de novo by the federal court after the case is removed."). Section 1450 contemplates this precise procedure. *See* 28 U.S.C. § 1450 (keeping state court orders entered prior to removal in place "until dissolved or modified by the district court"); *see also Free*, 541 F. Supp. 3d at 772 ("Under 28 U.S.C. § 1450, district courts have the power to dissolve or modify all injunctions, orders, and other proceedings had in an action prior to its removal.").

In the related case pending in this division of this district, *Wyse v. Valdespino*, Case No. 5:26-cv-02973-XR, Judge Rodriguez recently issued a reasoned opinion as to why injunctive relief is not appropriate. *See* ECF No. 11-1. That reasoning applies equally when considering an application for preliminary injunction, as in *Wyse*, or upon a motion to dissolve. *Chamber of Com. of U.S. v. Consumer Fin. Prot. Bureau*, 767 F. Supp. 3d 357, 362 (N.D. Tex. 2024) ("Fifth Circuit courts apply the same standards in reviewing a preliminary injunction under a motion to dissolve as they do in deciding whether to grant one in the first instance.").

Relying on the existence of the state court injunction alone, Plaintiff makes inaccurate statements of law and relies on conclusory allegations that have no evidentiary support in this (or any) record. Because the state court injunction is mandatory, and not permissive, the standard is higher. As discussed below, the injunction is void both procedurally and on its merits, and Plaintiff has not presented any evidence to support its heightened burden to justify extension of the injunction. Accordingly, Valdespino's motion to dissolve should be granted.

## Arguments and Authorities

### I. Plaintiff misstates the law in several respects.

First, Plaintiff states this Court must "first rule on Plaintiff's' motion to remand." ECF No. 13 at 3. But the Fifth Circuit has held that where the district court has jurisdiction, even if removal was improper, the district court must decide a motion to compel arbitration *before* a motion for remand. *Odom Indus., Inc.*, 2025 WL 1576800, at *1. While Plaintiff contests the propriety of removal in its motion to remand, it does not contest that this Court has diversity jurisdiction.[1] Therefore, the Court must put Plaintiff's motions aside and first decide Valdespino's pending motion to compel arbitration (ECF No. 3). *Id*.

Second, Plaintiff suggests that somehow Section 1450 inoculates the state court injunction from review. This is incorrect. Upon removal, Section 1450 merely keeps state court orders in place "*until dissolved*." 28 U.S.C. § 1450 (emphasis added). Rather than making state court orders entered prior to removal unassailable as Plaintiff suggests, the statute expressly contemplates a procedure for their dissolution. *MODE Glob.*, 350 F.R.D. at 274; *Free*, 541 F. Supp. 3d at 772.[2]

Third, Plaintiff states that Rule 60 "only" applies where there is a constitutional due process violation. ECF No. 13 at 5. This is patently wrong, and the cases Plaintiff cites do not

---

[1] Plaintiff also argues that Valdespino's participation in the state court case waives his right to removal, but this is not correct. In the sole case cited by Plaintiff (from forty years ago), the state court suit was not removed within the thirty-day limit and the defendants had litigated the case for *four years* in state court. *Brown v. Demco, Inc.*, 792 F.3d 578, 481 (5th Cir. 1986). Here, by contrast, Valdespino timely removed the case and only participated in the state court suit for less than three weeks. *See* ECF No. 1-2 (first appearance by Valdespino in Rule 11 Agreement dated April 27, 2026); ECF No. 1 (Notice of Removal dated May 14, 2026).

[2] Plaintiff's reliance on the Supreme Court's decision in *Granny Goose* is misplaced because "*Granny Goose Foods* mandates no predetermined level of deference which a federal court must observe in reconsidering an interlocutory state court order." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988).

announce such a rule or support this proposition. As already explained, courts may modify a state court order after removal and a due process claim need not be asserted to do so. *See* 28 U.S.C. § 1450; *Nissho-Iwai Am.*, 845 F.2d at 1303; *MODE Glob.*, 350 F.R.D. at 274; *Free*, 541 F. Supp. 3d at 772.

Fourth, Plaintiff argues that the injunction should not be dissolved because it is merely preserving the status quo. ECF No. 13 at 9. The injunction at issue is a "mandatory" injunction" in that it affirmatively compels the doing of some act—here, placing money in the court registry. It does not preserve the status quo but actually alters it. *Texas v. Ysleta del Sur Pueblo*, No. EP-17-CV-179-PRM, 2018 WL 1566866, at *9 (W.D. Tex. Mar. 29, 2018) ("A mandatory preliminary injunction, as opposed to a prohibitory injunction, seeks to alter the status quo prior to litigation rather than maintain it. That is, it mandates that defendants take some action *inconsistent* with the status quo rather than prohibiting them from altering the status quo.") (emphasis added).[3]

Finally, Plaintiff argues Valdespino is in violation of the state court injunction. *See* ECF No. 13 at 10–12. But Plaintiff cites no authority, and Valdespino is not aware of any, holding that a party's noncompliance with an injunction can substitute for the requisite showing required to obtain the injunction in the first place. Plaintiff's arguments in this regard may be proper for a motion for contempt, but no such motion has been filed either in state court or in this Court. Nor could such a motion be entertained until the Court rules on Valdespino's motion to compel arbitration. *See Odom Indus., Inc.*, 2025 WL 1576800, at *1.

## II. Plaintiff misstates the facts in several respects.

[3] In such cases, and because such injunctions are "particularly disfavored," the Fifth Circuit holds the proponent of the injunction to a higher standard. *Id*.

First, Plaintiff continues to improperly conflate the fact that Valdespino *appeared* in the state court case as evidence that Valdespino was *served* in the state court case. This has nothing to do with whether the injunction should be dissolved but, in any event, had Valdespino actually been served (he was not), Plaintiff should easily be able to prove that. Tellingly, Plaintiff has failed to produce any such evidence. Regardless, the Court does not need to reach these issues because it must decide the motion to compel arbitration before it decides to the motion to remand. *See Odom Indus., Inc.*, 2025 WL 1576800, at *1.

Second, Plaintiff would have this Court believe that the injunction was issued after an evidentiary hearing in state court, based on a "developed factual record," and only after both parties "appeared and *presented evidence*" at the hearing. ECF No. 13 at 3–4 (emphasis added). This is misleading at best. At the state court hearing, *neither* side presented any evidence or offered any testimony. *See generally* ECF No. 13-1; *id.* at 3 (noting no exhibits and no witnesses); *id.* at 11:24–25 (Valdespino, appearing *pro se*, agreeing to entry of the injunction). Regardless, any findings made by the state court are not res judicata, and Plaintiff did not submit any evidence in support of its motion to "enforce" the injunction (ECF No. 5) showing imminent harm or irreparable injury.

Third, attempting to distinguish Judge Rodriguez's opinion in *Wyse*, Plaintiff incorrectly states the standard for issuing a preliminary injunctive in the first instance is "materially different" from the standard to dissolve an existing injunction. ECF No. 13 at 7. But "Fifth Circuit courts apply the same standards in reviewing a preliminary injunction under a motion to dissolve as they do in deciding whether to grant one in the first instance." *Consumer Fin. Prot. Bureau*, 767 F. Supp. 3d at 362.

**III. The injunction should be dissolved.**

As a preliminary matter, the injunction should be dissolved because it is void under *RX Pros, Inc. v. CVS Health Corp.*, No. CV 16-0061, 2016 WL 316867, at *6 (W.D. La. Jan. 26, 2016). Plaintiff's only response to this argument is that *RX Pros* did not involve a "fully-litigated temporary injunction," suggesting that was the case here. As discussed above, that argument is less than forthcoming. There was no evidence or testimony offered or admitted at the state court hearing by either side.

Plaintiff also incorrectly states that the arbitration agreement in *RX Pros* required the AAA's emergency relief procedures as the "exclusive mechanism for preliminary relief." ECF No. 13 at 8. This is false. The arbitration provision in *RX Pros*, like the one here, did not require nor foreclose seeking interim relief in either forum. *See* 2016 WL 316867, at *2 n.2.[4]

The mandatory injunction also should be dissolved for the reasons set forth in Judge Rodriguez's opinion in *Wyse*—namely, because injunctive relief is not available for claims seeking monetary damages. In response, Plaintiff argues it has shown irreparable harm under *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011), but Judge Rodriguez already considered this case and found it distinguishable in the *Wyse* order. *See* ECF No. 11-1 at 3–5. Similarly,

[4] Application of *RX Pros* would not frustrate the purpose of arbitration or "allow parties to freely dissipate assets pending arbitration while courts stand powerless to intervene." ECF No. 13 at 9. Indeed, the cases cited by Plaintiff (which all pre-date *RX Pros*) recognize that district courts can grant interim relief *to preserve the status quo* if all other elements for injunctive relief are satisfied. *See, e.g., Toyo Tire Holdings of Americas Inc. v. Cont'l Tire N. Am., Inc.,* 609 F.3d 975, 981 (9th Cir. 2010) (recognizing interim relief may be available, "provided, of course, that the requirements for granting injunctive relief are otherwise satisfied"); *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1380 (6th Cir. 1995) (courts may grant preliminary injunctive relief "provided that the party seeking the relief satisfies the four criteria which are prerequisites to the grant of such relief"); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1052 (2d Cir. 1990) ("The fact that a dispute is to be arbitrated, however, does not absolve the court of its obligation to consider the merits of a requested preliminary injunction."). Here, the question is not whether courts have authority in general to issue a prohibitory injunction to preserve the status quo but whether the state court had authority in this case, under the specific terms of this arbitration agreement, to issue the mandatory injunction. Regardless, Plaintiff cannot satisfy the elements for mandatory injunctive relief.

Plaintiff argues the case *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262 (5th Cir. 2012) does not apply. ECF No. 13 at 6. Judge Rodriguez properly relied on this case because it sets forth the "well-established" rule that an injury is irreparable only "if it cannot be undone through monetary remedies." *Id*. at 279.

Plaintiff also claims the *Wyse* order is inapposite because it confirms the "existence of other aggrieved creditors" and "parallel proceedings" that make the risk of dissipation of assets "more acute." ECF No. 13 at 7–8. But this argument fails to consider that Judge Rodriguez also considered evidence of the existence of multiple claims, multiple lawsuits, and even the state court injunction at issue here when making his determination. *See* Case No. 5:26-cv-02973-XR at ECF No. 7 ¶¶ 4, 21, 22.

Finally, Plaintiff did not present sufficient evidence to satisfy the elements for mandatory injunctive relief either with its Motion to Enforce (ECF No. 5) or in response to the Motion to Vacate (ECF No. 13). Plaintiff only submitted the state court injunction and judge's notes and transcript from the hearing, Valdespino's answer and discovery objections from the state court suit, and a Rule 11 agreement. None of that establishes irreparable or imminent harm, and Plaintiff does not even address the other elements required for injunctive relief. As such, Plaintiff has not met its heightened burden to demonstrate a need for mandatory injunctive relief. *Ysleta del Sur Pueblo*, 2018 WL 1566866, at *9.

## **Prayer**

For these reasons, Valdespino respectfully requests that the Court vacate the state court's improper temporary injunction, grant Valdespino's motion to compel arbitration (ECF No. 3), refer Plaintiff's claims to AAA, abate these proceedings pending arbitration, and grant Valdespino all further relief to which he may be entitled at law or in equity.

Dated: June 12, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Caroline Newman Small*
Jason M. Davis
State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel.: (210) 853-5882
Fax: (210) 200-8395
***Attorneys for Defendant Edward F. Valdespino***

**Certificate of Service**

I certify that on June 12, 2026, a true and correct copy of the foregoing document was served upon the interested parties listed below in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system.

| | | |
|---|---|---|
| Kelli Cubeta<br>E-mail: *Kelli.Cubeta@cubetalaw.com*<br>CUBETA LAW GROUP, PLLC<br>322 Martinez St.<br>San Antonio, Texas 78205 | _____<br>_____<br>_____<br>_____<br>__X__ | U.S. Mail<br>CMRRR<br>Facsimile<br>E-mail<br>E-file |

AND

| | | |
|---|---|---|
| Matthew J. Badders<br>Laura H. Gonzalez<br>E-mail: *mjb@ddb-law.com*<br>E-mail: *lhg@ddb-law.com*<br>DROUGHT, DROUGHT & BOBBITT, LLP<br>2632 Broadway St., Suite 401-S<br>San Antonio, Texas 78215 | _____<br>_____<br>_____<br>_____<br>__X__ | U.S. Mail<br>CMRRR<br>Facsimile<br>E-mail<br>E-file |

***Attorneys for Plaintiff***

*/s/ Caroline Newman Small*
Caroline Newman Small