# Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **I.C. DEPOSITS DEVELOPMENT, INC.** *Plaintiff* | § § § | |
| ***v.*** | § § | **CIVIL ACTION NO. 5:26-CV-03178-FB** |
| **EDWARD F. VALDESPINO,** *Defendant* | § § § § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND TO HOLD DEFENDANT IN CIVIL CONTEMPT**

**TO THE HONORABLE COURT:**

Defendant Edward F. Valdespino files this Response in Opposition to Plaintiff I.C. Deposits Development, Inc.'s Motion for Order to Show Cause and to Hold Defendant Edward F. Valdespino in Civil Contempt (ECF No. 7) (the "Contempt Motion"), and respectfully shows the Court as follows:

## INTRODUCTION

Plaintiff asks this Court to order Valdespino to appear and show cause why he should not be incarcerated for failing to comply with a state-court order that Valdespino has separately, and independently, moved to vacate as void (ECF No. 11), and that this Court cannot even reach unless and until it first decides Valdespino's pending Motion to Stay Proceedings and Compel Arbitration (ECF No. 3).[1] Plaintiff's Contempt Motion asks the

[1] Pursuant to Fed. R. Civ. P. 10(c), Valdespino fully incorporates ECF Nos. 3, 10, 11, 12, and 17 as if fully incorporated herein.

Court to skip over both of those threshold questions and proceed directly to the most severe sanction the civil contempt power allows—coercive incarceration—based on an agreed order entered in state court without a single witness, exhibit, or item of evidence.

The Contempt Motion should be denied, or at minimum held in abeyance, for three independent reasons. First, the Fifth Circuit requires this Court to decide Valdespino's pending motion to compel arbitration before it takes up any other request for relief, including a request to enforce, through contempt, an order that arises from the very dispute Valdespino contends must be arbitrated. *Odom Indus., Inc. v. Sipcam Agro Sols., LLC*, No. 24-60410, 2025 WL 1576800, at *1 (5th Cir. June 4, 2025) (per curiam, unpub'd). Second, the order was entered by agreement, without any evidentiary hearing, any witness testimony, or any exhibits, undermining any claim that the record now supports contempt by clear and convincing evidence. Third, even assuming the order is enforceable, Plaintiff has not shown that anything short of incarceration would be inadequate, as due process and this Circuit's contempt jurisprudence require.

## I. THE COURT MUST DECIDE VALDESPINO'S MOTION TO COMPEL ARBITRATION BEFORE ADDRESSING THE CONTEMPT MOTION

This Court's jurisdiction is secure—the parties are diverse and the amount in controversy is undisputed. Once jurisdiction is established, "a district court must address motions in the sequence that the law demands," and "[w]hen a motion to compel arbitration is pending and jurisdiction is secure, that motion comes first." *Odom*, 2025 WL 1576800, at *1. Section 4 of the Federal Arbitration Act is "mandatory," and requires the district court to resolve the arbitration question before taking other action in the case, apart from resolving jurisdictional issues. *Id*. at *2–3; 9 U.S.C. § 4.

Valdespino's Motion to Stay Proceedings and Compel Arbitration (ECF No. 3) has been fully briefed since May 29, 2026, and remains pending. If that motion is granted—as it should be—this dispute, including any request for preliminary or injunctive relief and any question about Valdespino's compliance with such relief, belongs before the AAA arbitrator, not this Court. Proceeding to a show-cause hearing on contempt, and potentially incarcerating Valdespino, before resolving whether this case belongs in arbitration would put the Court in the position of enforcing an order in a forum the parties agreed would not decide such questions in the first place. The orderly and legally required course is to resolve the arbitration question first. *See Odom*, 2025 WL 1576800, at *1.

## II. THE UNDERLYING ORDER WAS ENTERED WITHOUT ANY EVIDENTIARY HEARING, UNDERMINING ANY SHOWING BY CLEAR AND CONVINCING EVIDENCE.

Civil contempt must be established by clear and convincing evidence. *Cas. v. Padron,* No. SA-15-CV-200-DAE, 2018 WL 1899801, at *2 (W.D. Tex. Mar. 6, 2018), *report and recommendation adopted sub nom. Travelers Cas. & Sur. Co. of Am. v. Padron, No. 5:15-CV-200-DAE,* 2018 WL 6427344 (W.D. Tex. Sept. 25, 2018) ("Clear and convincing evidence in a civil contempt proceeding is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy of the truth of the precise facts of the case.").

Plaintiff's Contempt Motion treats the state court's findings in the Temporary Injunction Order as conclusively established, but the record shows otherwise: at the May 11, 2026 hearing, neither party presented any evidence or offered any testimony, and the order was entered by agreement as to form only. *See* ECF No. 17. No witness was called, and no

exhibit was admitted. *See id*. Plaintiff likewise submitted no independent evidence of imminent harm, irreparable injury, or risk of dissipation in support of its motion to enforce the injunction (ECF No. 5) or in its opposition to the Motion to Vacate (ECF No. 13)—it relies solely on the agreed order itself and Valdespino's prior filings.

An agreed order entered without evidentiary support may be an appropriate vehicle for preserving a status quo between consenting parties, but it is a thin foundation for the extraordinary step of adjudicating a person in civil contempt and ordering incarceration. At minimum, before any show-cause hearing proceeds, the underlying validity and evidentiary basis for the order Plaintiff seeks to enforce should be resolved through the pending Motion to Vacate. *See* ECF No. 11.

## III. PLAINTIFF HAS NOT SHOWN THAT COERCIVE INCARCERATION—RATHER THAN A LESS DRASTIC REMEDY—IS WARRANTED.

Even if the Court were to reach the merits of the Contempt Motion, coercive incarceration is an extraordinary remedy reserved for cases in which lesser sanctions would plainly be inadequate. *See Shillitani v. United States*, 384 U.S. 364, 371 (1966) ("[A] court must exercise the least possible power adequate to the end proposed."). Plaintiff's Motion does neither. It offers only the conclusory assertion of counsel that "[m]onetary sanctions alone would be ineffective," ECF No. 7 ¶ 19, unsupported by any evidence or any analysis of what alternative sanctions might achieve compliance.

Incarceration is particularly unwarranted where, as here, the underlying dispute is fundamentally one for money damages. In a related case involving Valdespino and materially identical contract language, Judge Rodriguez already held that injunctive relief was unavailable because Plaintiff has an adequate remedy at law: "[e]ven if Valdespino were to dissipate the [funds], Plaintiffs do not explain why a post-judgment, monetary remedy would

be inadequate." *Wyse v. Valdespino*, No. SA-26-CA-02973-XR (W.D. Tex. May 15, 2026) (ECF No. 11-1 at 4) (emphasis in original). If money damages are an adequate remedy for the underlying claim—a proposition already accepted by this Court's sister docket on the same contract language—that conclusion applies with even greater force to Plaintiff's request for incarceration. Coercive imprisonment is reserved for circumstances in which nothing less will vindicate the movant's rights; it has no place in an ordinary commercial dispute over money that, by Plaintiff's own choice of remedy and the reasoning already applied to this same contract, remains fully recoverable through a judgment at law.

## IV. AT MINIMUM, THE CONTEMPT MOTION SHOULD BE HELD IN ABEYANCE.

For the reasons set forth above, Valdespino respectfully submits that the Contempt Motion should be denied. In the alternative, and at minimum, the Court should hold the Contempt Motion in abeyance pending resolution of (1) Valdespino's Motion to Stay Proceedings and Compel Arbitration (ECF No. 3), which this Circuit requires the Court to decide first, and (2) Valdespino's Motion to Vacate State-Court Temporary Injunction (ECF No. 11), which directly challenges the validity of the very order Plaintiff seeks to enforce through contempt. Deciding those threshold motions first will not prejudice Plaintiff, but proceeding to a show-cause hearing on incarceration before resolving them risks an unnecessary and potentially unconstitutional deprivation of liberty premised on an order that may not survive review.

## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Edward F. Valdespino respectfully requests that the Court deny Plaintiff's Motion for Order to Show Cause and to Hold Defendant Edward F. Valdespino in Civil Contempt (ECF No. 7) in its entirety. In the alternative, Valdespino

requests that the Court hold the Motion in abeyance pending resolution of his Motion to Stay Proceedings and Compel Arbitration (ECF No. 3) and his Motion to Vacate State-Court Temporary Injunction (ECF No. 11). Valdespino further requests all other relief to which he may be entitled at law or in equity.

Dated: August 10, 2026.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Caroline Newman Small*
Jason M. Davis
State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel.: (210) 853-5882
Fax: (210) 200-8395

***Attorneys for Defendant***
***Edward F. Valdespino***

## Certificate of Service

I certify that on August 10, 2026, a true and correct copy of the foregoing document was served upon the interested parties listed below in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system.

| | | |
|---|---|---|
| Kelli Cubeta | ______ | U.S. Mail |
| E-mail: *Kelli.Cubeta@cubetalaw.com* | ______ | CMRRR |
| CUBETA LAW GROUP, PLLC | ______ | Facsimile |
| 322 Martinez St. | ______ | E-mail |
| San Antonio, Texas 78205 | X | E-file |

AND

| | | |
|---|---|---|
| Matthew J. Badders | ______ | U.S. Mail |
| Laura H. Gonzalez | ______ | CMRRR |
| E-mail: *mjb@ddb-law.com* | ______ | Facsimile |
| E-mail: *lhg@ddb-law.com* | ______ | E-mail |
| DROUGHT, DROUGHT & BOBBITT, LLP | X | E-file |
| 2632 Broadway St., Suite 401-S | | |
| San Antonio, Texas 78215 | | |

***Attorneys for Plaintiff***

*/s/ Caroline Newman Small*
Caroline Newman Small