**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| I.C. DEPOSITS DEVELOPMENT, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 5:26-cv-03178-FB |
| | § | |
| | § | |
| EDWARD F. VALDESPINO, | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE AND TO HOLD DEFENDANT EDWARD F. VALDESPINO IN CIVIL CONTEMPT**

TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:

Plaintiff, I.C. DEPOSITS DEVELOPMENT, INC., files this Reply in Support of its Motion for Order to Show Cause and to Hold Defendant Edward F. Valdespino in Civil Contempt (ECF 7), in response to the proposed opposition attached to Defendant's Opposed Motion for Leave (ECF 23), and respectfully shows:

## I. INTRODUCTION

Plaintiff opposes Defendant's request for leave to file his proposed response. Plaintiff filed its Motion for Order to Show Cause and to Hold Defendant Edward F. Valdespino in Civil Contempt on May 21, 2026. Defendant waited until August 10, 2026 – approximately 81 days later and only four days before the Court's August 14 hearing – to seek leave to respond.

Defendant offers no explanation for his extraordinary delay. Defendant had ample notice of both the contempt motion and the issues it presents. The Court should deny Defendant's motion for leave to file the untimely response. Nevertheless, because Defendant's proposed response raises new authority and arguments immediately before the hearing, Plaintiff responds briefly and

without waiving its opposition to Defendant's Motion for Leave so that the Court has the applicable law before it regardless of whether leave is granted.

## II. DEFENDANT'S RESPONSE DOES NOT DENY THAT DEFENDANT HAS FAILED TO COMPLY WITH A COURT ORDER

Defendant's proposed response attempts to transform a straightforward contempt issue into a collateral attack on the Temporary Injunction Order. None of Defendant's arguments in his proposed response change the dispositive facts:

- the Temporary Injunction Order remains in effect;
- Defendant knew exactly what was required under the Temporary Injunction Order;
- the Temporary Injunction Order has not been dissolved since it was entered on May 11, 2026; and
- Defendant has failed to comply with the Temporary Injunction Order for the past **92 days**.

While Defendant may have every right to challenge a court's order, Defendant does not have the right to unilaterally stay or dissolve the Temporary Injunction Order.

The U.S. Supreme Court has made the governing public policy on this issue unmistakably clear: "It is beyond question that obedience to judicial orders is an important public policy." *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber Workers,* 461 U.S. 757, 766 (1983). An injunction entered by a court acting within its jurisdiction "must be obeyed until the injunction is vacated or withdrawn." *Id*. This principle disposes of Defendant's attempt to justify unilateral noncompliance by attacking the correctness of the underlying injunction.

## III. ODOM DOES NOT CREATE A SELF-EXECUTING STAY OF AN EXISTING INJUNCTION

Defendant's principal new argument in his proposed response is that *Odom Industries, Inc.*

*v. Sipcam Argo Solutions, LLC*, No. 24-60410, 2025 WL 1576800 (5th Cir. June 4, 2025) requires the Court to decide Defendant's pending Motion to Compel Arbitration before addressing contempt. Although *Odom* may address the sequence in which a district court adjudicates competing substantive issues, it does not hold that filing a motion to compel arbitration automatically stays an existing injunction.

Congress has expressly prescribed what happens to an existing state-court injunction upon removal:

> All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court. *28 U.S.C. § 1450*.

Defendant's proposed response does not identify any order staying or dissolving the Temporary Injunction Order because neither exists. Defendant does not even identify any attempt by Defendant to comply with the May 11, 2026 Temporary Injunction Order, and does not cite to any case law to even arguably defend Defendant's failure to comply. Defendant also does not make any claim that he is unable to comply with the May 11, 2026 Temporary Injunction Order.

## IV. DEFENDANT'S ARGUMENTS TO VACATE DO NOT DEFEAT CONTEMPT

Defendant's proposed response confuses the evidentiary basis for issuing the injunction with the evidentiary basis for finding contempt of the injunction after it is issued.

Civil contempt requires clear and convincing evidence that: (1) a court order was in effect; (2) the order required specific conduct; and (3) the respondent failed to comply. *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Willfulness is not an element of civil contempt. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987).

Defendant's proposed response does not dispute the existence of any of the three factors. The undisputed facts clearly show that the May 11, 2026 Temporary Injunction Order is in effect,

the Order required the specific conduct of Defendant to place Plaintiff's $5,000,000.00 into the Court registry by 11:00 a.m. on May 14, 2026 (a date and time proposed by Plaintiff), and Defendant has not complied with the Order. Therefore, this Court is entirely justified in holding Defendant in civil contempt.

## V. CONCLUSION

Defendant is not entitled to decide for himself whether to comply with the May 11, 2026 Temporary Injunction Order. Section 1450 preserved the Temporary Injunction Order following removal. *Odom* did not stay the Order, and no court has dissolved or modified the Order. Defendant has failed to comply with the Order, and there is no justification for his failure to comply. Defendant's position would allow every party subject to an order it did not like to decide for itself whether it wanted to comply. That is precisely the self-help the U.S. Supreme Court's decisions prohibit.

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Order to Show Cause and to Hold Defendant in Civil Contempt; find Defendant in civil contempt; direct Defendant to deposit the $5,000,000.00 into the court registry immediately; impose such coercive sanctions as necessary to obtain compliance; award Plaintiff its reasonable attorneys' fees and costs incurred in connection with the contempt proceedings; and grant such other and further relief to Plaintiff may be entitled.

Respectfully submitted,

**CUBETA LAW GROUP, PLLC**
By:____*/s/ Kelli Cubeta*____
Kelli P. Cubeta
Texas Bar No. 24040746
Email: Kelli.Cubeta@CubetaLaw.com
322 Martinez Street
San Antonio, Texas 78205
Telephone: (210) 934-4500

**DROUGHT, DROUGHT & BOBBITT, L.L.P**
By:*/s/ Matthew J. Badders*
Matthew J. Badders
State Bar No. 24069325
mjb@ddb-law.com
Laura H. Gonzalez
State Bar No. 24127264
lhg@ddb-law.com
2632 Broadway St., Suite 401-S
San Antonio, Texas 78215
(210) 225-4031 Telephone
(210) 222-0586 Telecopier

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically served on all counsel of record via ECF on August 13, 2026.

*/s/ Kelli Cubeta*
Kelli Cubeta