IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| I.C. DEPOSITS INVESTMENTS,INC., *Plaintiff,* vs. EDWARD F. VALDESPINO, *Defendant.* | § § § § § § § § § § § § | 5:26-CV-03178-FB-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff I.C. Deposits Development, Inc.'s ("I.C. Deposits") Emergency Motion to Confirm and Enforce Arbitration Award, for Immediate Compliance, and for Enforcement Relief. *See* Dkt. No. 28; *see also* Dkt. Nos. 29. (Response), 30 (Reply). The District Judge referred all pretrial matters for resolution by the Magistrate Judge, pursuant to Rule CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 16. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Motion, Dkt. No. 28, should be **GRANTED IN PART** as set forth herein.

**Factual and Procedural Background**

The Court on September 2, 2026, compelled this case to arbitration, thereby staying and administratively closing the case pending the arbitration. Dkt. No. 27. On August 28, 2026, the

Emergency Arbitrator granted interim relief[1] and ordered in part that Defendant Valdespino deposit $5,000,000.00 into the registry of the District Court of Bexar County no later than August 31, 2026, at 5:00 PM. *See* Dkt. No. 28-1. The Emergency Arbitrator's August 28 Order also prohibited Valdespino from "transferring, withdrawing, disbursing, encumbering, . . . or otherwise disposing of any portion of [the] $5,000,000.00 . . . ." *Id.* at 1. On September 3, in light of Valdespino's failure to comply with the Arbitrator's August 28 Order, the same Arbitrator entered an Emergency Award. *See* Dkt. No. 28-2. Therein the Arbitrator incorporated the prior August 28 Award and declared that the September 3 Award, together with the incorporated August 28 Order, was a "final and definite determination of the discrete application for emergency relief." *See* Dkt. No. 28-2 at 2. The Arbitrator's September 3 Award further states that the award is "intended to constitute an arbitral award of emergency relief capable of judicial recognition, confirmation, and enforcement to the fullest extent permitted by applicable law." *Id.*

I.C. Deposits then filed in this Court the present Motion to Confirm and Enforce Arbitration Award on September 3, 2026. *See* Dkt. No. 28. Defendant Valdespino filed a Response, Dkt. No. 29, and Plaintiff filed a Reply, Dkt. No. 30. The Court held a hearing on the Motion to Confirm and Enforce Arbitration Award on September 30, 2026, where I.C. Deposits appeared through counsel of record and Valdespino appeared pro se.[2]

---

[1] The parties haven't completed arbitration on the merits of I.C. Deposits' claims. The Emergency Arbitrator conducted an arbitration only on I.C. Deposits' application for emergency relief concerning placement of the $5,000,000.00 into the Court's registry pending merits-based arbitration.

[2] The Court on September 15, 2026, granted the Motion to Withdraw as Counsel filed by Defendant Valdespino's counsel of record. *See* Dkt. Nos. 26 (Motion), 31 (Order). The Court granted withdrawal after the briefing at issue in the Motion to Confirm and Enforce Arbitration Award had been filed. *See e.g.*, Dkt. No. 29 (Defendant's Response). Accordingly, Valdespino now appears pro se.

**Analysis**

By its Motion to Confirm, I.C. Deposits requests that the Court enter an Order confirming and enforcing the Arbitrator's Emergency Award. *See* Dkt. No. 28. Therein, I.C. Deposits "[p]rovides [n]otice" of its intent to seek civil contempt sanctions if Valdespino fails to comply with any forthcoming enforcement order by the Court. *Id.* at 5. As explained further below, the Court should **GRANT IN PART** the Motion, Dkt. No. 28, as set forth herein.

The Court has diversity jurisdiction over this case, *see* Dkt. No. 1, and inherent authority to enforce an arbitrator's award pursuant to applicable federal law and rules of arbitration. Indeed, the Fifth Circuit directs district courts to enforce awards by an arbitrator according to their terms. *See Wartsila Finland OY v. Duke Capital LLC*, 518 F.3d 287, 292 (5th Cir. 2008) ("A district court should enforce an arbitration award as written—to do anything more or less would usurp the tribunal's power to finally resolve disputes . . . ."). American Arbitration Association[3] ("AAA") Arbitration rules, moreover, provide that "[p]arties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."[4] And the Federal Arbitration Act ("FAA") confirms that a Court's judgment entered on confirmation of the arbitrator's award "shall have the same force

---

[3] The arbitration clause governing the parties here states "Disputes shall be resolved through binding arbitration under the rules of the American Arbitration Association . . . ." *See* Dkt. No. 3-1 at 1.

[4] *Consumer Arbitration Rules and Mediation Procedure*, American Arbitration Association, R-51(c), https://www.adr.org/media/yawntdvs/2025_consumer_arbitration_rules.pdf (last amended and effective May 1, 2025); *see also Commercial Arbitration Rules and Mediation Procedures*, American Arbitration Association, R-54(c), https://www.adr.org/media/ueonklrv/2026_commercial-arbitration-rules-mediation-procedures.pdf (Arbitration rules last amended and effective Sep. 1, 2022) ("Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.").

and effect" as any other judgment and "may be enforced as if it had been rendered in an action" in this Court. 9 U.S.C. § 13.

The situation presented herein is nuanced in that through its Motion, I.C. Deposits seeks enforcement of the Emergency Arbitrator's interim award of injunctive relief prior to arbitration on the merits. AAA Arbitration rules permit an arbitrator to grant "whatever interim measures they decide are necessary, including granting an injunction and ordering that property be protected."[5] The authority of this Court to enforce an interim Order, while not explicitly recognized by the Fifth Circuit, has been recognized by other Circuits. *E.g.*, *Arrowhead Glob. Sols., Inc. v. Datapath, Inc.*, 166 F. App'x 39, 44 (4th Cir. 2006) (collecting cases from the Sixth, Seventh, and Ninth Circuits and stating that district courts can "confirm and enforce" an arbitrator's award of temporary equitable relief when ruling "on a discrete, time-sensitive issue"); *but see Janvey v. Alguire*, 647 F.3d 585, 595 n.7 (5th Cir. 2011) ("[W]e reserve for another day the issues of whether a district court divests itself of the discretion to maintain the status quo once it decides the case before it is arbitrable and, if not, what the limits of that discretion may be."). The Court therefore should confirm the Award of the Emergency Arbitrator.

At the September 30, hearing, Defendant Valdespino urged only that the Arbitrator's Award is not a final award susceptible to confirmation by this Court; he made no other arguments against confirmation, except those made by former counsel of record in the Response. *See* Dkt.

---

[5] *Consumer Arbitration Rules and Mediation Procedures*, AMERICAN ARBITRATION ASSOCIATION, R-35(a), https://www.adr.org/media/yawntdvs/2025_consumer_arbitration_rules.pdf (last amended and effective May 1, 2025); *see also Commercial Arbitration Rules and Mediation Procedures*, AMERICAN ARBITRATION ASSOCIATION, R-38(a), https://www.adr.org/media/ueonklrv/2026_commercial-arbitration-rules-mediation-procedures.pdf (Arbitration rules last amended and effective Sep. 1, 2022) ("The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.").

No. 29. These arguments fail for the reasons detailed herein. And indeed, the Arbitrator's September 3 Order confirms the finality of his award of interim injunctive relief. *See* Dkt. No. 28-2.

The Court can and should extend the deadline for Valdespino's compliance as set forth in the Emergency Arbitrator's August 28 Order to three days after entry of the Order. Under the terms of § 9 of the FAA, the Court "'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs., L.L.C. v. Mattel*, *Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9). The statutory basis for modifying an arbitration award are limited to those set forth in § 11; any such modification must "effect the intent [of the arbitrator's award] and promote justice between the parties." 9 U.S.C. § 11.

A clear basis for modification of the arbitrator's award is presented here, where the deadline for Valdespino to comply with the Arbitrator's award has lapsed. *See* 9 U.S.C. § 11(c) (providing, a Court may modify an award by an arbitrator "[w]here the award is imperfect in matter of form not affecting the merits of the controversy"). The Court recommends that the deadline be extended from the deadline set forth in the Arbitrator's Order to three days following entry of the Order confirming the Arbitrator's Award. A three-day deadline is consistent with the Emergency Arbitrator's August 28 Order that demanded compliance by Valdespino on or before August 31, 2026, at 5 P.M. *See* Dkt. No. 28-1. The Court should confirm the Arbitrator's Awards in full, and should order compliance by Valdespino within three days of the Court's Order.

I.C. Deposits also filed a Motion for Leave to File Truist Bank Records Under Seal, to use relevant bank records as evidence at the September 30, hearing. *See* Dkt. Nos. 34, 36 (sealed motion). The Court at the September 30 hearing didn't rely on any such records in its consideration of the at-issue Motion. Accordingly, the Motion for Leave to File Under Seal, Dkt. No. 34, and

related sealed Motion, Dkt. No. 36, are **DENIED AS MOOT.** If such matters still need to be filed or otherwise made part of the record, they can be re-submitted with a motion for leave to file.

**Conclusion and Recommendation**

For the reasons discussed above, **IT IS RECOMMENDED** that the Motion to Confirm and Enforce Arbitration Award, Dkt. No. 28, be **GRANTED IN PART** as set forth herein.

**IT IS FURTHER RECOMMENDED** that the Court enter an Order that directs Defendant Valdespino (1) to cause the full $5,000,000.00 required by the Award to be deposited into the registry of the District Court of Bexar County, Texas, in Case No. 2026-CI-08116 within three days from the Court's Order; (2) to file documentary proof demonstrating that the full $5,000,000.00 deposit has been completed; and (3) pending competition of the full deposit, comply with the Arbitrator's prohibition against transferring, withdrawing, disbursing, encumbering, pledging, dissipating, concealing, or otherwise disposing of any portion of I.C.'s $5,000,000.00 or its directly traceable proceeds, except as necessary to make the required deposit.

**IT IS HEREBY ORDERED** that the Motion for Leave to File Under Seal, Dkt. No. 34, and related sealed Motion, Dkt. No. 36, are **DENIED AS MOOT.**

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this Report and Recommendation must be filed **within seven (7) days** after being served with a copy of same, unless this deadline is modified by the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the presiding

District Judge's standing orders or other Court order. *See* W.D. Tex. Local Rule CV-7. The objecting party shall file the objections with the Clerk of the Court and serve the objections on all other parties.

A party is entitled to a *de novo* review by the District Judge of the findings and conclusions contained in this Report and Recommendation, only if specific objections are made. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the default time to file objections from 10 to 14 days). An objecting party must therefore specifically identify those findings, conclusions, or recommendations to which objections are made, as well as the basis for all such objections; the District Judge need not consider frivolous, conclusory, or general objections. *Id*. Failure to timely file written, specific objections to any proposed findings, conclusions, or recommendations contained in this Report and Recommendation will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the District Judge, except on grounds of plain error, given that the party is here provided notice that such consequences will result from a failure to object. *See* 28 U.S.C. § 636(b)(1)(C); *Douglass*, 79 F.3d at 1417. Finally, facts or legal arguments raised for the first time in objections to a Magistrate Judge's findings, conclusions, and recommendations are "not properly before the district court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[The Fifth Circuit] considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district [judge] in

objections to the magistrate judge's report and recommendation.").

**IT IS SO ORDERED**.

**SIGNED** this 7th day of October, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE